UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
IN ADMIRALTY

CASE NO. _____

GENEVIEVE BEAM,

    Plaintiff,

v.

CARNIVAL CORPORATION,

    Defendant.
_____/

## COMPLAINT

Plaintiff sues Defendant and alleges:

### PRELIMINARY ALLEGATIONS

1. Plaintiff, GENEVIEVE BEAM ("Plaintiff"), is a citizen of Florida.

2. Defendant, CARNIVAL CORPORATION ("Defendant"), is a foreign entity with its principal place of business in Miami, Florida.

3. This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears. This is an admiralty or maritime claim within the meaning of Rule 9(h).

4. At all times material hereto, Defendant, personally or through an agent:

    a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

    b. Was engaged in substantial activity within this state;

    c. Operated vessels in the waters of this state;

    d. Committed one or more of the acts stated in Florida Statutes §§ 48.081, 48.181 or 48.193;

e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state.

f. The Defendant was engaged in the business of providing to the public and to the Plaintiff in particular, for compensation, vacation cruises aboard the vessel, the *Sensation*.

5. Defendant is subject to the jurisdiction of the courts of this state.

6. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

7. At all times material hereto, Defendant owned, operated, managed, maintained and/or controlled the vessel, the *Sensation.*

8. At all times material hereto, Defendant had exclusive custody and control of the vessel, the *Carnival Imagination*.

9. On or about August 9, 2014, Plaintiff was a paying passenger on Defendant's vessel which was in navigable waters.

10. On or about August 9, 2014, Plaintiff was severely injured when another passenger was sliding in the waterworks area of the ship and ran into her causing her to fall to the deck.

## COUNT I – NEGLIGENCE

The Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through ten (10) as though alleged originally herein.

11. It was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

12. On or about August 9, 2014, Defendant and/or its agents, servants, and/or employees breached its duty to provide Plaintiff with reasonable care under the circumstances.

- 3 -

13. On or about August 9, 2014, Plaintiff was injured due to the fault and/or negligence of Defendant, and/or its agents, servants, and/or employees as follows:

   a. Failure to have lifeguards and/or adequate crew supervising and controlling passenger activity in Waterworks area; and/or

   b. Failure to promulgate and/or enforce adequate rules and procedures for controlling passenger activity in Waterworks area; and/or

   c. Failure to warn Plaintiff and other passengers of dangers of passenger activity in Waterworks area; and/or

   d. Failure to have safe places to stand in Waterworks area where Plaintiff and other passengers would be safe from passenger activity; and/or

   e. Failure to adequately communicate rules and procedures for controlling passenger activity in Waterworks area; and/or

   f. Overservice of alcohol to passengers; and/or

   g. Failure to adequately monitor passenger activity in Waterworks area; and/or

   h. Failure to adequately control passenger activity in Waterworks area; and/or

   i. Failure to have adequate handgrabs in Waterworks area; and/or

   j. Creating an area where passengers are likely to slide on the deck; and/or

   k. Failure to warn Plaintiff and other passengers of likelihood of other passengers sliding on the deck in the Waterworks area; and/or

   l. Failure to respond adequately to prior similar incidents and take corrective measure; and/or

   m. Failure to warn Plaintiff and other passengers of prior similar incidents; and/or

   n. Failure to promulgate and/or enforce adequate policies and procedures to ensure that

passengers like the Plaintiff are warned of the dangers posed by passenger activity in the Waterworks area; and/or

all or some of which caused and/or contributed to another passenger sliding on the deck in the Waterworks area into the Plaintiff, causing her to fall.

14. Defendant knew of the foregoing conditions causing Plaintiff's accident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant in the exercise of reasonable care under the circumstances should have learned of them and corrected them. In addition, Defendant violated the International Safety Management Code and failed to have a proper, adequate and safe Safety Management System Manual (SQM) and/or failed to follow their SQM manual. All the above caused the Plaintiff to be injured.

15. As a result of the negligence of Defendant, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions there from, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and her working ability has been impaired. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against the defendant.

Respectfully submitted,

LIPCON, MARGULIES,
ALSINA & WINKLEMAN, P.A.
*Attorneys for Plaintiff*
One Biscayne Tower, Suite 1776
2 S. Biscayne Boulevard
Miami, Florida 33131

- 5 -

                    Tel.: (305) 373-3016
                    Fax: (305) 373-6204

By:  */s/* Jason R. Margulies
      **JASON R. MARGULIES**
      Florida Bar No. 57916
      Email: jmargulies@lipcon.com
      **JACQUELINE GARCELL**
      Florida Bar No. 104358
      Email: jgarcell@lipcon.com

- 5 -

L I P C O N ,   M A R G U L I E S ,   A L S I N A   &   W I N K L E M A N ,   P . A .